# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VELVA DELPH, WILLIE BUNDY, SARAH CARTA and EXPRESS FUNERAL FUNDING, LLC.,<br><br>Defendants. | Civil Action No.: _____<br><br>**INTERPLEADER COMPLAINT** |

Plaintiff, The Prudential Insurance Company of America ("Prudential"), an insurance company organized under the laws of the State of New Jersey, with its principal place of business therein at 751 Broad Street, Newark, New Jersey, by way of Complaint in Interpleader says:

## THE PARTIES

1. Prudential is an insurance company organized and existing under the laws of the State of New Jersey with its principal place of business in Newark, New Jersey.

2. Defendant, Velva Delph ("Velva"), is an adult individual who is domiciled in Kentucky and resides in Corbin, Kentucky. Velva is the mother of William B. Bundy, deceased (the Insured"), and is named in this action as a putative beneficiary of the life insurance proceeds at issue.

3. Defendant, Willie Bundy ("Willie"), is an adult individual who is domiciled in Florida and resides in West Palm Beach, Florida. Willie is the father of the Insured and is named in this action as a putative beneficiary of the life insurance proceeds at issue.

4. Defendant, Sarah Carta ("Sarah"), is an adult individual who is domiciled in Kentucky and resides in Richmond, Kentucky. Sarah is a friend of the Insured, and is named in this action as a putative beneficiary of the life insurance proceeds at issue.

5. Defendant Express Funeral Funding ("Express") is a limited liability company with its principal place of business in Indiana. Express provided Prudential with an Irrevocable Assignment to a portion of the life insurance proceeds at issue related to the Insured's funeral expenses and is named in this action as a putative beneficiary of the life insurance proceeds at issue in this action.

## JURISDICTION

6. This Court has original jurisdiction over this matter pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, because the group life insurance policy at issue is subject to ERISA. 29 U.S.C. §§ 1132 (a)(3), 1132(e)(1).

7. This Court also has original jurisdiction over this matter pursuant to 28 U.S.C. § 1335, because there is diversity of citizenship between two or more of the defendants and the amount in controversy exceeds $500.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1397 because it is the judicial district in which one or more of the defendants/claimants reside.

## FACTS SUPPORTING INTERPLEADER

9. Prudential issued a group life insurance policy to The Sherwin-Williams Company ("Contract Holder"), bearing Group Policy No. G-51341 (the "Group Policy"). Attached hereto as Exhibit A is a true and correct copy of the applicable booklet/certificate for the Group Policy.

10. At all relevant times, the Insured was covered under the Group Policy for basic and optional life insurance benefits totaling $137,000.00 ("Death Benefit").

11. The Insured died on or about September 8, 2018 as a result of suicide. Attached hereto as Exhibit B is a true and correct copy of the Insured's Death Certificate, as provided to Prudential.

12. At that time, the Death Benefit became due.

13. The Group Policy provides that death benefits are payable to the Beneficiary. If there is no Beneficiary at the time of death it "will be payable to the first of the following: your (a) surviving Spouse or Domestic Partner; (b) surviving child(ren) in equal shares; (c) surviving parents in equal shares; (d) surviving siblings in equal shares; (c) surviving parents in equal shares; (d) estate. *See* Exhibit A at pg. 51.

14. Under the terms of the Group Policy, beneficiary designations must be submitted through the Contract Holder. *See* Exhibit A at pg. 51.

15. Upon the death of a covered member, the Contract Holder provides Prudential with notice of death and forwards beneficiary information to Prudential.

16. Following the Insured's death, the Contract Holder advised Prudential that the designation on record at the time of the Insured's death was made in November 2017 during open enrollment by logging into the myswbenefits.com website and that at that time, Sarah was designated as the sole primary beneficiary of the Death Benefit. Attached hereto as Exhibit C is a true and correct copy of the beneficiary information as provided by the Contract Holder to Prudential.

17. The Contract Holder further advised Prudential that prior to the November 2017 beneficiary designation there was no designation on record with the Contract Holder.

18. On or about September 10, 2018, Prudential received a claim from Express to a portion of the Death Benefit, which is based on an Irrevocable Assignment, in which Sarah

assigned a portion of the Death Benefit in the amount of $8,850.00 to Britton Funeral Home, which thereafter made a reassignment to Express. Attached hereto as Exhibit D is a true and accurate copy of the Irrevocable Assignment and Power of Attorney as provided to Prudential.

19.     On or about September 14, 2018, Willie sent a letter to Prudential contesting the legitimacy of the November 2017 beneficiary designation naming Sarah as the sole beneficiary. Attached hereto as Exhibit E is a true and correct copy of a letter dated September 14, 2018.

20.     Velva also subsequently submitted a letter to Prudential contesting the on-line beneficiary change. In support, Velva alleges that the Insured told her that she was the beneficiary and further alleges that Sarah went on-line and designated herself without the Insured's knowledge. Attached hereto as Exhibit F is a true and correct copy of the letter dated September 20, 2018 and its enclosures.

21.     On or about September 27, 2018, Prudential received a completed Group Life Insurance Claim Form, executed by Sarah, making a claim to the Death Benefit. Attached hereto as Exhibit G is a true and correct copy of Group Life Insurance Claim Form, as received by Prudential.

22.     On October 22, 2018, Velva's counsel sent a letter to Prudential advising of Velva's continued claim to the Death Benefit and again alleging that Sarah learned the Insured's log-in information and designated herself as the beneficiary without the Insured's knowledge. In addition, Velva's counsel alleged that the Insured's manner of death is suspicious, and that Sarah may be precluded from receiving the Death Benefit under common law which precludes a beneficiary from recovering property when he or she feloniously kills the insured even if not criminally convicted. Attached hereto as Exhibit H is a true and correct copy of the letter dated October 22, 2018.

23. Due to the competing claims made by or available to Velva, Willie, Sarah and Express, Prudential has not yet made payment of the Death Benefit.

## THE APPROPRIATENESS OF INTERPLEADER

24. Prudential claims no title to or interest in the Death Benefit to be paid under the Group Policy on account of the death of the Insured and is ready and willing to pay the Death Benefit to the person(s) entitled to it, but Prudential is unable to make that determination without exposing itself to double or multiple liability on account of the potential competing claims made by or available to defendants.

25. Prudential has no means other than this Interpleader action of protecting itself against multiple conflicting or potentially conflicting claims and/or possible multiple litigation on the part of the defendants as to the Death Benefit.

26. Prudential is a mere stakeholder in this action, having and claiming no interest in the Death Benefit due upon the death of the Insured. Prudential is ready and willing to deposit the Death Benefit, together with accrued claim interest, if any, into the Court, or with a person duly authorized by the Court to receive it.

## PRAYER FOR RELIEF

**WHEREFORE**, Prudential respectfully requests that this Court grant the following relief:

A. Directing Prudential to pay the Death Benefit, together with claim interest, if any, into this Court;

B. Directing the Defendants to interplead their rights to such sum;

C. Restraining the Defendants, and each of them, from instituting or maintaining any action against Prudential to recover such sum;

D. Discharging Prudential from all liability to the Defendants arising out of the matters set forth herein upon payment of the Death Benefit, together with applicable claim interest, if any, into this Court;

E.     Entry of an Order awarding Prudential payment of its reasonable attorney's fees and costs necessitated by the bringing of this action; and

F.     Such other relief as is deemed just and proper.

Dated: November 26, 2018

        Respectfully submitted,

        BREIT LAW OFFICE PLLC

        */s/ Andrew D. "Pete" Pullen*
        Andrew D. "Pete" Pullen
        214 South 8th Street – Suite 300
        Louisville, Kentucky 40202
        Telephone: (502) 583-5581
        pete@breitlaw.com
        **Counsel for Plaintiff, The Prudential Insurance Company of America**